## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

ANTHONY J. LEE,
        Plaintiff,

                  vs.                  05-3026

KEVIN L. WINTERS, et al.,
        Defendants.

### ORDER

    Before the court is the defendants' unopposed summary judgment motion, d/e 38.

### Background

    The plaintiff is a former inmate who was incarcerated within the Illinois Department of Corrections. On August 30, 2005, while incarcerated at Western Illinois Correctional Center, the plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants violated his Eight Amendment right to be free from cruel and unusual punishment. The plaintiff claims the defendants were deliberately indifferent to his serious medical needs. The plaintiff seeks injunctive relief and monetary damages.

### Standard

    Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied,* 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992).

    However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

## Undisputed Material Facts

1.  The plaintiff, Anthony J. Lee, is a former inmate who was incarcerated within the Illinois Department of Corrections.

2.  The incidents that gave rise to the plaintiff's complaint occurred while the plaintiff was incarcerated at Western Illinois Correctional Center.  *See* complaint, pg. 6, d/e 12.

3.  The plaintiff filed an emergency grievance concerning his medical treatment, which was received and reviewed on October 7, 2004.  *See* plaintiff's exhibit A attached to his complaint, d/e 12.

4.  On September 2, 2003, the plaintiff sent a grievance letter, concerning his medical treatment to the Administrative Review Board (hereinafter ARB).  The letter was received on December 4, 2003.  *See* plaintiff's exhibit B attached to his complaint.

5.  On June 22, 2004, the ARB responded to the plaintiff's September 2, 2003 letter.  In that response, the plaintiff was informed that his grievance was improper as it failed to included responses from the plaintiff's counselor or grievance officer.  *See* plaintiff's exhibit D attached to his complaint.

6.  On July 2, 2004, the plaintiff sent a letter to the ARB seeking resolution of his September 2, 2003 grievance or to receive advice on the proper procedure to resolve his grievance.  *See* plaintiff's exhibit L attached to his complaint.

7.  On September 13, 2004, the ARB responded to the plaintiff's July 2, 2004 letter and informed him to used proper grievance forms and to contact his correctional counselor regarding the matter.  *See* plaintiff's Exhibit K attached to his complaint.

8.  The plaintiff did not file a grievance in accordance with department rule 504, regarding medical treatment between the dates of January 1, 2003 through November 1, 2005, while at Western Correctional Center.  *See* defendants' Exhibit A, Affidavit of Jackie Miller, ¶ 7, attached to defendants' memorandum of law, d/e 39.

## Conclusion

The plaintiff has failed to exhaust his administrative remedies in regard to his claims.  The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit.  42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999).  As a result, the defendants are entitled to summary judgment as a matter of law.

Further, the court notes that although defendants, Doug Cravens and Kevin Winters were served with summons, neither defendant joined in on the summary judgment motion and neither defendant has filed a responsive pleading.

1. Pursuant to 42 U. S. C. § 1997e(a) and Fed. R. Civ. Pro. Rule 56(c), the defendants, Roger Zimmerman, Sandra Funk, Deborah Fuqua, Julia I. Vincent, Richard Young, Lisa Lashbrook, Rick Orr, Roger E. Walker, Sue Redshaw, and Scott McKee are entitled to summary judgment as a matter of law. The clerk of the court is directed to enter judgment in favor of the defendants, Roger Zimmerman, Sandra Funk, Deborah Fuqua, Julia I. Vincent, Richard Young, Lisa Lashbrook, Rick Orr, Roger E. Walker, Sue Redshaw, and Scott McKee and against the plaintiff.

2. The remaining defendants, Doug Cravens and Kevin L. Winters are allowed up to and including fourteen days to file a dispositive motion or responsive pleading.

3. The defendants, Roger Zimmerman, Sandra Funk, Deborah Fuqua, Julia I. Vincent, Richard Young, Lisa Lashbrook, Rick Orr, Roger E. Walker, Sue Redshaw, and Scott McKee 's motion to stay responsive pleading is rendered moot, d/e 40.

4. The remaining defendants are Kevin L. Winters and Doug Cravens.

Enter this 8th day of December 2005.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE